Filed 12/30/20  P. v. Huber CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B301360 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA048904) |
| v. | |
| EILEEN MARIE HUBER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Reversed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted Eileen Marie Huber (defendant) and her four co-defendants of multiple crimes arising out of a two-month crime spree in the summer of 1991 that left five people dead. We are asked to decide whether the trial court erred in denying her more recent Penal Code section 1170.95 petition for resentencing without first appointing counsel for her.

## I. BACKGROUND

Among the specific offenses for which defendant was found guilty were three first degree murder convictions for her role in killing Jose Avina, Willie Sams, and Shirley Denogean. As to each of these murders, the jury found two special circumstance allegations true: that defendant "intentionally killed the victim while lying in wait, within the meaning of [Former Penal Code] Section 190.2(a)(15) and while "engaged in the commission of the crime of Second Degree Robbery . . . , within the meaning of [Former Penal Code] Section 190.2(a)(17)."[1] As to the murder of victim Denogean only, the jury also found true a multiple murder special circumstance (Former Pen. Code, § 190.2, subd. (a)(3)). The trial court sentenced defendant to three terms of life in prison without the possibility of parole.

On direct appeal, this court affirmed the judgment with modifications. (*People v. Hubbard, et al.* (Oct. 3, 1994, B074596 [nonpub. opn.] (*Hubbard*).) *Hubbard*'s summary of the evidence indicates defendant was not prosecuted as the murder victims' actual killer, but the jury was instructed on aiding and abetting principles and principles of felony murder.

---

[1] The quoted language is taken from the verdict forms the jury completed.

2

Among the arguments defendant raised on direct appeal was the argument (also made by her co-defendants) that the trial court erred by instructing the jury on lying in wait murder and on special circumstances liability with CALJIC No. 8.80.1.  The opinion quotes CALJIC No. 8.80.1, as given to the jury, as follows:  "'If you find that a defendant was not the actual killer of a human being or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested or assisted any actor in the commission of the murder in the first degree or with reckless indifference to human life as a major participant aided, abetted, counseled, commanded, induced, solicited, requested or assisted in the commission of the crime of Penal Code section 190 subdivision (a) subdivision (17), crime [*sic*] which resulted in the death of a human being.'"

*Hubbard* rejected both of these arguments.  The opinion holds there was substantial evidence the murders were committed under circumstances constituting lying in wait and, as to defendant's CALJIC No. 8.80.1 assignment of error, that it was forfeited and meritless anyway because there was substantial evidence defendant and her conspirators were major participants who acted with reckless indifference to human life.  *Hubbard* does not decide, however, whether there was evidence that would support finding defendant guilty of murder as a direct aider and abettor.  (See generally *People v. McCoy* (2001) 25 Cal.4th 1111, 1118 [a direct aider and abettor "must know and share the murderous intent of the actual perpetrator"].)

3

Long after this court resolved defendant's direct appeal, defendant petitioned for resentencing pursuant to Penal Code section 1170.95, which was enacted as part of Senate Bill 1437 (2017-2018 Reg. Sess.). The trial court denied defendant's petition without first appointing counsel for her as she requested, although the court did receive an opposition to her resentencing petition filed by the People. The trial court accomplished its denial via a two-page, check-the-box order that found: "The appellate opinion [i.e., *Hubbard*] affirming [defendant's] conviction and sentence reflects that [defendant] was not the actual killer and was convicted of murder on a theory of being a direct perpetrator and with the intent to kill or a major participant and with reckless indifference to human life. (Opinion, pg. 26)."[2]

Defendant noticed an appeal from the trial court's denial of her Penal Code section 1170.95 petition. This court appointed counsel to represent her, and after examining the record, counsel initially filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that raised no issues, asked us to independently review the record, and included a declaration from counsel stating she "remain[ed] available to brief any issues that this Court requests."

In a June 30, 2020, order, we requested supplemental briefing from defendant's appointed counsel to address "whether

---

[2] Page 26 of *Hubbard* is the aforementioned portion of the opinion that holds substantial evidence supports a conclusion that the defendants who "did not fire the fatal shots" were nevertheless major participants who acted with reckless indifference to human life.

4

reversal is required in light of *People v. Smith* (2020) 49
Cal.App.5th 85[, review granted July 22, 2020, S262835 (*Smith*)],
*People v. Torres* (2020) 46 Cal.App.5th 1168[, review granted
June 24, 2020, S262011], or *People v. Lewis* (2020) 43
Cal.App.5th 1128[, review granted Mar. 18, 2020, S260598]." We
also directed the Attorney General to file a response to defense
counsel's supplemental brief. No such response was forthcoming,
however. We accordingly decide the appeal on the record as it
stands, without the Attorney General's participation. (See Cal.
Rules of Court, rule 8.360(c).)

## II. DISCUSSION

Penal Code section 1170.95 was enacted as part of Senate
Bill 1437, which "amend[ed] the felony murder rule and the
natural and probable consequences doctrine, as it relates to
murder, to ensure that murder liability is not imposed on a
person who is not the actual killer, did not act with the intent to
kill, or was not a major participant in the underlying felony who
acted with reckless indifference to human life." (Stats. 2018, ch.
1015, § 1, subd. (f).) The statute creates "a petitioning process by
which a defendant convicted of murder under a felony murder [or
natural and probable consequences murder] theory of liability
could petition to have his conviction vacated and be resentenced.
[Penal Code s]ection 1170.95 initially requires a court to
determine whether a petitioner has made a prima facie showing
that he or she falls within the provisions of the statute as set
forth in subdivision (a), including that '(1) [a] complaint,
information, or indictment was filed against the petitioner that
allowed the prosecution to proceed under a theory of felony
murder or murder under the natural and probable consequences

5

doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to [Penal Code s]ection 188 or 189 made effective January 1, 2019.' [Citations.] If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. [Citation.] If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by [Penal Code] section 1170.95. [Citations.]" (*Smith*, *supra*, 49 Cal.App.5th at 92, rev. gr.)

Here, the only record that was before the trial court when it denied defendant's petition—without first appointing counsel— was this court's opinion in *Hubbard*. The trial court's order concedes defendant was not the actual killer but apparently determines she was ineligible for Penal Code section 1170.95 relief as a matter of law because *Hubbard* held there was substantial evidence she was a major participant in the murders who acted with reckless indifference to human life.[3] *Hubbard*'s

---

[3]      The phrasing in the order is somewhat confused. Relying on page 26 of *Hubbard*, the order states defendant "was convicted of murder on a theory of being a direct perpetrator and with the intent to kill or a major participant and with reckless indifference to human life." It is true that *Hubbard* quotes an instruction that required the jury to find, if it found a special circumstance true, either that defendant was a direct aider and abettor who harbored an intent to kill *or* was a major participant who acted

6

holding, however, came well before our Supreme Court's decisions *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). As we have held, such a pre-*Banks* and *Clark* holding does not establish defendant is ineligible for Penal Code section 1170.95 relief as a matter of law. (*People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *Smith*, *supra*, 49 Cal.App.5th at 92-93, rev. gr.)

It may ultimately turn out that defendant is ineligible for relief as to at least one of her murder convictions because her conspiracy conviction—if predicated on proper instructions—establishes she must have harbored an intent to kill at least one of the victims.[4] (See generally *People v. Swain* (1996) 12 Cal.4th 593.) And it may also be true, upon a fuller examination of the evidence relevant to whether defendant had an intent to kill, that defendant is ineligible for relief on more than one, or all, of her murder convictions. (*Smith*, *supra*, 49 Cal.App.5th at 92, rev. gr. ["If . . . a determination of eligibility requires an assessment of

---

with reckless indifference to human life. But *Hubbard* concludes substantial evidence supported only the latter of these two possibilities, which was sufficient to affirm on that ground on direct appeal. Nothing in *Hubbard* resolves on which of these two theories the jury's special circumstances findings rests or assesses the sufficiency of the evidence of direct aiding and abetting.

[4] CALJIC No. 8.80.1 appears to have (erroneously) permitted the jury to make a multiple murder special circumstance finding without concluding she actually killed or intended to kill one of the victims. (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 495.)

the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by [Penal Code] section 1170.95"].)  But the trial court will have to sort all this out on remand, with the benefit of input from appointed counsel and by following the procedure prescribed by Penal Code section 1170.95, subdivision (c).  On the slim record before us, there is no proper basis for the trial court's finding that defendant is entirely ineligible for relief as a matter of law.

## DISPOSITION

The order denying defendant's Penal Code section 1170.95 petition is reversed.  The cause is remanded with instructions to appoint counsel for defendant and to thereafter proceed consistent with this opinion and Penal Code section 1170.95.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.

9